IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| SINGLETARY CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| REDA HOME BUILDERS, INC., ) | |
| RICK REDA, and ) | JURY DEMAND |
| RAE GLEASON, ) | |
| ) | |
| Defendants. ) | |

_____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
_____

Plaintiff Singletary Construction, LLC by and through counsel, files this complaint against Reda Home Builders, Inc., Rick Reda and Rae Gleason for direct, contributory and/or vicarious Copyright Infringement in violation of 17 U.S.C. §§ 101 *et seq*. This action arises out of Defendants' infringement of Plaintiff's copyrights in the architectural work known as the "Brentwood II."

### I. PARTIES

1. Plaintiff Singletary Construction, LLC ("Plaintiff" or "Singletary Construction"), is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business in Clarksville, Tennessee.

2. Defendant Reda Home Builders, Inc. ("RHB") is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Clarksville, Tennessee.

3. Upon information and belief, Rick Reda is a resident of and domiciled in Montgomery County, Tennessee; he is an owner of RHB; he exercises control over RH; and he regularly conducts business there.

4. Upon information and belief, Rae Gleason is a resident of and domiciled in Montgomery County, Tennessee. She is a realtor who regularly conducts business there.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over RHB as it is incorporated in this Judicial District and, upon information and belief, maintains its headquarters here. Further, it regularly conducts business here.

7. This Court has personal jurisdiction over Mr. Reda and Ms. Gleason, as they reside and are domiciled in this Judicial District, and as they regularly conduct business here.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and are residents of this State and a substantial part of the events giving rise to the claims have occurred in this District.

## III. FACTS

9. Singletary Construction owns the copyright in the architectural work known as the "Brentwood II." (A copy of the Certificate of Registration for the Brentwood II architectural work, bearing Registration Number VA 2-027-203, is attached hereto as **Exhibit A**).

10. On approximately August 7, 2016, an individual named Phillip Alan Walters submitted a contract with Singletary Homes to purchase a home located at Lot 353 of the

Farmington Subdivision in Clarksville, Tennessee ("Lot 353"). (Copy of contract attached hereto as **Exhibit B**).

11. The home located at Lot 353 is the architectural work known as the Brentwood II.

12. Defendant Gleason served as Mr. Walters' real estate agent when he executed the above-mentioned contract with Singletary Construction.

13. On approximately September 13, 2016, Mr. Walters backed out of his contract with Singletary Construction.

14. Upon information and belief, Mr. Walters backed out of his contract with Singletary Construction at Ms. Gleason's urging.

15. On or around September 13, 2016, Singletary Construction sent a letter to Ms. Gleason, "advising that [she refrain] from entering or infringing on any of Singletary Construction['s] properties[] for any reason effective immediately." (Copy of letter attached hereto as **Exhibit C**).

16. Nevertheless, on approximately September 20, 2016, Ms. Gleason submitted a contract to Defendant RHB to build a house for Mr. Walters at Lot 607 of the Farmington Subdivision in Clarksville, Tennessee ("Lot 607" or "Infringing House"). (Copy of contract attached hereto as **Exhibit D**).

17. The contract Ms. Gleason submitted to RHB on behalf of Mr. Walters included a special stipulation that stated: "***Seller [RHB] to build same house as Lot 353 Farmington [the Brentwood II]*** with the following changes:  Seller to make 3 sided brick[,] Seller to put granite in all bathrooms[,] Seller to match and reference pictures from MLS $ 1710722[,] Seller to install a French door refrigerator with ice and water in the door . . . ." Id. at ¶ 29 (emphasis

added); see also enlarged copy of Section 29 of contract between Walters and RHB (attached hereto as **Exhibit E**).

18. The contract that Ms. Gleason submitted to RHB on behalf of Mr. Walters even included photographs and dimensions of the Brentwood II. Id.

19. Upon information and belief, Ms. Gleason encouraged Mr. Walters to breach his contract with Singletary Construction and enter into a contract with RHB so that she could increase her own commission.

20. RHB accepted Mr. Walters' contract and an agreement was formed.

21. Upon information and belief, Mr. Reda and/or his agents entered the Brentwood II and recorded measurements and dimensions without permission and/or obtained a copy of blueprints for the Brentwood II without permission from Singletary Construction.

22. Upon information and belief, Ms. Gleason and Mr. Reda induced, caused and/or materially contributed to RHB's infringement of the Brentwood II.

23. Upon information and belief, Mr. Reda has enjoyed a direct financial benefit from RHB's infringement of the Brentwood II and had the right and ability to supervise RHB's infringement.

24. RHB proceeded to build a house at Lot 607 that copied constituent elements of the Brentwood II that are original, without permission from Singletary Construction.

25. In fact, upon information and belief, RHB followed Ms. Gleason's instructions to "***build same house as Lot 353 Farmington [the Brentwood II],***" except for minor changes.

26. Upon information and belief, Mr. Reda instructed RHB to "***build same house as Lot 353 Farmington [the Brentwood II],***" except for minor changes.

27. RHB proceeded to build a house at Lot 607 that is substantially similar to the Brentwood II, without permission from Singletary Construction.

28. Alternatively, RHB proceeded to build a house at Lot 607 that is strikingly similar to the Brentwood II, without permission from Singletary Construction.

29. The street address for the Brentwood II (Lot 353) is 525 Larkspur Drive, Clarksville, TN 37043.

30. The street address for the Infringing House (Lot 607) is 2577 Remington Trace, Clarksville, TN 37043.

## IV. CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

31. Plaintiff incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully alleged herein.

32. The Brentwood II is an original expression subject to copyright protection under 17 U.S.C. §§ 101 *et seq*.

33. Plaintiff is the owner of all exclusive rights, title and interest in and to the copyrights in the Brentwood II.

34. The Brentwood II is properly registered with the United States Copyright Office.

35. Defendants did not seek or receive permission for RHB to copy the Brentwood II.

36. Defendants have infringed Plaintiff's copyrights in the Brentwood II, either directly, contributorily and/or vicariously.

37. The Infringing House copies original elements of the Brentwood II, which are protectable under the Copyright Act.

38. The Infringing House is substantially similar, if not strikingly similar, to the Brentwood II.

39. Defendants' misconduct constitutes, among other things, the unauthorized creation of derivative works.

40. RHB is liable for direct copyright infringement.

41. Mr. Reda and Ms. Gleason are liable for contributory infringement since they induced, caused and/or materially contributed to the infringing conduct of RHB, with knowledge of the infringement.

42. In addition, Mr. Reda is also liable for vicarious infringement, since he had the right and ability to supervise RHB and derived a direct financial benefit from RHB's infringement.

43. Because of Defendants' acts of copyright infringement, Plaintiff has been damaged.

44. Defendants' unauthorized copying of original elements from the Brentwood II greatly enhanced the aesthetic and financial value of the Infringing House.

45. Defendants were successful in selling the Infringing House as a result of the unauthorized copying of the Brentwood II.

46. Defendants are jointly and severally liable for all direct and indirect profits of each other from the sale of the Infringing House.

47. Defendants are also responsible jointly and severally for the damages Plaintiff has suffered.

48. Specifically, as a direct and proximate result of Defendants' misconduct, Plaintiff has suffered actual damages.

49. Pursuant to 17 U.S.C. § 504, Plaintiff is therefore entitled to recover its actual damages, including the direct and indirect profits Defendants derived from the Infringing House.

50. Unless enjoined by this Court, Defendants' continued building and selling of houses that infringe on the Brentwood II will cause Plaintiff irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to both a temporary and a permanent injunction prohibiting infringement of the Brentwood II.

## V. PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff prays for the following relief:

1. That proper process issue and be served upon Defendants;

2. A declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement of Plaintiff's rights in the Brentwood II, as applicable;

3. A permanent injunction requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, assigns and all persons acting in concert or participation with each or any of them, to cease directly and indirectly infringing and causing, enabling, facilitation, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiff's rights protected by the Copyright Act connected with the Brentwood II;

4. Pursuant to 17 U.S.C. § 504(b), that Defendants be ordered to pay Plaintiff its actual damages, including Defendants' direct and indirect profits from their copyright infringement, as will be proved at trial, including a finding that Defendants are jointly and severally liable for the profits of each other;

5. An award of pre-judgment and post-judgment interest according to law, as applicable;

6. That Defendants be ordered to pay costs, pursuant to Pursuant to 17 U.S.C. § 505; and

7. Such other and additional relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Local Rule 38.01, and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

*s/ Stephen J. Zralek*
Stephen J. Zralek (BPR No. 18971)
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6305 Telephone
(615) 687-2763 Facsimile
szralek@bonelaw.com

*Counsel for Plaintiff,*
*Singletary Construction, LLC*